# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GUL RONEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 99 C 4941 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Geraldine Soat Brown |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gul Roney ("Roney") filed this employment discrimination action against defendant the Illinois Department of Transportation ("IDOT") alleging national origin discrimination, retaliation, harassment, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Summary Judgment Order at 2.) [Dkt 91.] IDOT's summary judgment motion was granted (*id*. at 30), and judgment was entered in favor of IDOT [dkt 92]. IDOT now seeks costs from Roney in the amount of $5,184.15. (Def.'s Resp. at Ex. 1, Revised Bill of Costs ("Rev. Bill of Costs") at 1.) [Dkt 124.][1] Roney objected to IDOT's bill of costs (Pl.'s Objections) [dkt 98], and IDOT responded to Roney's objections (Def.'s Resp.).[2] For

---

[1] IDOT's original bill of costs requested $5,618.75. [Dkt 94.] IDOT later acknowledged that it had attached the wrong invoices to its original bill of costs (Def.'s Resp. at 3), and subsequently submitted a revised bill of costs that attached the correct invoices (Rev. Bill of Costs, Exs. A6, A7). The revised bill of costs requested $5,184.15.

[2] IDOT's original bill of costs was filed on August 9, 2005. Roney's objections were filed on August 10, 2005. A stay was ordered pending appeal of this case before the Seventh Circuit. [Dkt 97.] The Court of Appeals affirmed, with costs, the grant of summary judgment for IDOT [dkt 123], the stay was lifted [dkt 120], and IDOT filed its response and revised bill of costs on February 15, 2007.

-1-

the reasons stated below, IDOT is entitled to an award of costs in the amount of $4,856.15.

**DISCUSSION**

The costs that may be recovered pursuant to Fed. R. Civ. P. 54(d)(1) are set out in 28 U.S.C. § 1920. "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable [under § 1920] and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The costs allowed under 28 U.S.C. § 1920 are: (1) the fees of the clerk and marshal; (2) fees of court reporters for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. *See Young v. City of Chicago*, No. 00 C 4478, 2002 WL 31118328 at *1 (N.D. Ill. Sept. 24, 2002) (Leinenweber, J.). A court must review a proposed petition for costs "in scrupulous detail." *Id.* There is a strong presumption in favor of awarding costs to the prevailing party. *Majeske*, 218 F.3d at 824.

In its petition, IDOT seeks $390.80 for fees for photocopies and $4,793.35 for fees of the court reporter for deposition transcripts. (Rev. Bill of Costs at 1.) Each of these categories and Roney's respective objections are addressed in turn below.

**I.      Photocopying Costs**

Section 1920(4) expressly authorizes "[f]ees for . . . copies of papers necessarily obtained for use in the case . . . ." "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court . . . ." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581,

1584 (7th Cir. 1990) (quotation marks and citation omitted). Such materials include copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, but do not include copies made solely for the convenience of counsel. *Id.*; *Arachnid, Inc. v. Valley Recreation Prods., Inc.*, 143 F.R.D. 192, 193 (N.D. Ill. 1992). The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained records." *Id.*

IDOT is entitled to the total amount it claims for photocopying costs. As an initial matter, Roney does not object to the claimed copying costs. (*See* Pl.'s Objections at 4.) Furthermore, the chart IDOT submitted in support of its photocopying costs is sufficiently detailed to support an award of costs. The chart lists the particular documents copied (which are motions and briefs filed with the court);[3] the total number of pages (977); the amount charged per page ($0.10); the number of copies made (4 sets); and the recipients of the copies (the Clerk of Court, the Magistrate Judge, plaintiff's counsel, and IDOT's counsel). Copies of motions and briefs filed with the court were necessary to the litigation. *McIlveen*, 910 F.2d at 1584; *Arachnid*, 143 F.R.D. at 193. Four sets of

---

[3] The documents, which total 977 pages, are: (1) Defendant's Motion for Summary Judgment, Defendant's Local Rule 56.1(a) Statements of Fact, Defendant's Memorandum of Law in Support of its Motion for Summary Judgment and Defendant's Exhibits in Support of its Motion for Summary Judgment (825 pages); (2) Defendant's Response to Plaintiff's Additional Statement of Facts (59 pages); (3) Defendant's Reply Memorandum of Law in Support of its Motion for Summary Judgment (63 pages); (4) Defendant's Motion to Strike Portions of Plaintiff's Response to Defendant's Statement of Uncontested Facts and Plaintiffs's Additional Facts Requiring Denial of Summary Judgment (13 pages); and (5) Defendant's Reply Brief in Support of its Motion to Strike Portions of Plaintiff's Response to Defendant's Statement of Uncontested Facts and Plaintiff's Additional Facts Requiring Denial of Summary Judgment (17 pages). (Rev. Bill of Costs at Ex. B.)

copies were reasonably necessary because two copies were required for the court, and one copy of each was required for Roney's and IDOT's counsel. Although some courts do not allow recovery of costs for the copy of a document used by counsel for the prevailing party, *see e.g.*, *Sharp v. United Airlines, Inc.*, 197 F.R.D. 361, 362-63 (N.D. Ill. 2000), other courts do allow recovery of those costs, *see e.g., Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982-83 (N.D. Ill. 2003). Because Roney does not object to the cost for the copy for IDOT's counsel, however, recovery of that cost is allowed. Finally, ten cents per page is reasonable. *See Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003). IDOT is entitled to a total of $390.80 for photocopying costs.

## II. Deposition Transcripts

IDOT seeks a total of $4,793.35 for the cost of deposition transcripts for six witnesses: plaintiff Roney, John Kos ("Kos"), Imad Shahatit ("Shahatit"), Lee Schmidt ("Schmidt"), Yousif Ashamed ("Ashamed"), and Bruce Dinkheller ("Dinkheller"). (Rev. Bill of Costs at Ex. A.) Fees of the court reporter for deposition transcripts are recoverable under 28 U.S.C. § 1920(2) if the transcripts were "necessarily obtained for use in the case." *See Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). "[T]ranscripts need not be absolutely indispensable in order to provide the basis for an award of costs; it is enough that they are reasonably necessary." *Id*. (internal quotation marks and citation omitted). In addition, to recover deposition costs, the prevailing party must provide documentation sufficient to show that the amount claimed per transcript page does not exceed the applicable copy rate as established by the Judicial Conference. LR 54.1(b); *see Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882 at *6 (N.D. Ill. Aug. 12, 2004) (Leinenweber, J.). Roney objects to IDOT's claim for deposition transcript costs on four grounds.

Roney's objections are addressed in turn below.

### A. "Necessarily Obtained for Use in the Case"

First, Roney argues that the Kos, Shahatit, Schmidt, Ashamed, and Dinkheller depositions were not "necessarily obtained for use in the case." (Pl.'s Objections at 1-2.) Roney argues that, rather than obtain a deposition transcript to support its motion for summary judgment, IDOT's counsel could have used affidavits in lieu of transcript testimony. (*Id.* at 2.) To prepare the affidavits, Roney argues IDOT's counsel could have relied on handwritten notes taken during the deposition or telephoned any of the witnesses (who were IDOT employees or agents) to clarify testimony. (*Id.* at 1-2.) Roney asserts that it was "easier" for IDOT's counsel to use the deposition transcripts and that therefore the transcripts were obtained for the convenience of counsel. (*Id.* at 2.)

Roney's argument is not persuasive. Roney does not deny that the substance of the deposition testimony of Kos, Shahatit, Schmidt, Ashamed, and Dinkheller was necessary for IDOT to prepare its motion for summary judgment in this case. (*See id.* at 2.) Roney argues only that IDOT could have used means other than the deposition transcripts to obtain the necessary testimony to support its summary judgment motion and prepare for trial. (*Id.*) As stated above, to establish that the deposition transcripts were "necessarily obtained for use in the case," IDOT need not prove that they were absolutely indispensable but instead need only prove that they were "reasonably necessary" at the time they were taken. *Barber*, 7 F.3d at 645; *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir.1998). IDOT has met that burden. IDOT's use of the transcripts to support its motion for summary judgment is sufficient to establish that the depositions and transcripts were reasonably necessary. *Cengr*, 135 F.3d at 455; *see also Shanklin Corp. v. Am. Packaging Machinery, Inc.*, No.

95 C 1617, 2006 WL 2054382 at *3 (N.D. Ill. 2006) (Schenkier, M.J.). Roney provides no legal authority to support his suggestion that IDOT should have been required to obtain affidavits after the depositions were taken to prepare its summary judgment motion. In fact, in response to a similar argument, the Seventh Circuit has stated that "The idea that employers should rely on the oral statements or affidavits of their employees rather than depositions which were already taken is a suggestion we will not entertain." *Cengr*, 135 F.3d at 455. Roney's objection that the depositions transcripts at issue were merely for attorney convenience is overruled.

### B. Depositions Taken for Use in Both State and Federal Cases

Roney also objects to the transcript costs for the Roney, Kos, Shahatit, and Schmidt depositions on the basis that those transcripts were taken and used by Defendants in a motion for summary judgment in a related state court case. (Pl.'s Objections at 2.) Roney argues, without citation to authority, that it would be "unjust to require Roney to pay for deposition transcripts which Defendant used in another case . . . that would not be subject to any cost-shifting." (*Id.*) However, as IDOT states (Def.'s Resp. at 3), the caption for both the federal and the state court cases appears on the cover pages of the depositions (which are attached to *Roney*'s objections) (Pl.'s Objections at Group Ex. A). That fact supports IDOT's assertion that, at the time the depositions were taken, they were intended for use in both cases. As stated above, Roney does not deny that the depositions at issue were necessary to the federal case. Roney's objection on the ground that IDOT is attempting to shift the cost of the state court case to the present bill of costs is overruled. *See Staszak v. Kimberly-Clark Corp.*, No. 01 C 3631, 2002 WL 31557610 at *1 (N.D. Ill. Nov. 18, 2002) (Kocoras, J.) (deposition transcript costs awarded regardless of connection to related pending state

court case); *cf. Am. Automotive Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 996-97 (N.D. Ill. 1998) (deposition transcript costs were not recoverable where the depositions were taken in related state court case *before* federal case was filed).

### C. Expedited Deposition Transcripts

Roney objects to the cost for the expedited transcripts of Roney's depositions on March 9, March 17, and March 31, 2004. (Pl.'s Objections at 3.)[4] According to the attached invoices, IDOT was charged $3.80 per page for the expedited transcripts. (Def.'s Resp. Ex. A2, A3, A4.) Costs for expedited transcripts are recoverable when, as with regular transcripts, the prevailing party demonstrates expedited transcripts were reasonably necessary. *Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002). "[T]he determination of necessity [with respect to § 1920(2)] must be made in light of the facts known at the time of the deposition . . . ." *Barber*, 7 F.3d at 645 (quotation marks and citation omitted).

IDOT argues that the use of expedited transcripts was necessary to prepare the motion for summary judgment. (Def.'s Resp. at 4.) Although no deadline had been set for filing dispositive motions at the time Roney's deposition was taken (March 2004), discovery had been scheduled to be closed on April 7, 2004. [Dkt 42.] Even though the discovery cutoff was later extended [dkt 44], it was nevertheless reasonable for IDOT to order expedited transcripts in light of the facts known to it at the time of the deposition. The deposition took place just before discovery closed; dispositive motions would likely be due shortly thereafter. The deposition covered a significant amount of

---

[4] Roney also objects to reimbursement for costs of computer disks and travel. IDOT no longer claims those costs, and they are therefore no longer in dispute. (Def.'s Resp. at 3.)

information, as it was taken over the course of four days. (*See* Def.'s Resp. at 4.) Finally, the price per page ($3.80) charged for the expedited transcripts is less than the maximum allowed by the Judicial Conference for expedited transcripts ($4.40). (U.S. Dist. Ct. for the N. Dist. of Ill., *Maximum Transcript Rates - All Parties (Per Page)*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last updated Feb. 28, 2003) (last visited April 12, 2007).) IDOT is therefore entitled to the full amount claimed for the expedited Roney deposition transcripts.

### D. Condensed Transcripts

Roney objects to IDOT's claim for the cost of condensed transcripts, which totals $328. (Pl.'s Objections at 3.)[5] While some courts have permitted recovery of costs for condensed transcripts, *Angevine*, 2003 WL 23019165 at *4 (citing cases), costs for condensed transcripts are generally not recoverable, *Ochana*, 206 F. Supp. 2d at 945; *Riley*, 258 F. Supp. 2d at 844. The only argument IDOT offers in support of the charges for condensed transcripts is that "it is common practice to order condense[d] transcripts of depositions, especially when . . . [the transcripts] amount to 4 volumes . . . ." (Def.'s Resp. at 4.) IDOT does not, however, offer a concrete basis that would allow the court to conclude that the cost of the condensed transcripts is recoverable. IDOT does not argue, for example, that the condensed transcripts were used for the summary judgment motion and that their use saved other photocopying costs. *See Angevine*, 2003 WL 23019165 at *4. IDOT's

---

[5] Specifically, IDOT claims $100 for the Roney deposition (Rev. Bill of Costs at Exs. A2-A5); $49 for the Dinkheller deposition (*id*. at Ex. A6); $127.50 for the Schmidt deposition (*id*. at Exs. A6, A7); $18.50 for the Alhamed deposition (*id*. at Ex. A7); and $33 for the Shahatit deposition (*id*.).

claim for the cost of condensed deposition transcripts in the amount of $328 is therefore denied.

## CONCLUSION

For the reasons stated above, IDOT is entitled to a total award of $4,856.15. The Clerk of the court is directed to tax costs in the amount of $4,856.15 in favor of the defendant and against the plaintiff.

**SO ORDERED.**

_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**April 12, 2007**